```
                            FILED
                  CLERK, U.S. DISTRICT COURT

                      JUN 14 2024

                 CENTRAL DISTRICT OF CALIFORNIA
                 BY:        rsm         DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR No. **2:24-CR-00362-WLH** |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(A)(vi), (b)(1)(B)(ii)(II): Distribution of Methamphetamine, Fentanyl, and Cocaine, and Possession with Intent to Distribute Methamphetamine and Fentanyl; 21 U.S.C. § 853: Criminal Forfeiture] |
| JESUS ALBERTO LOAIZA-MARQUEZ, JASON ALTON MCDONALD, and DARIUS EZEKIEL PEARSON, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS LOAIZA-MARQUEZ AND MCDONALD]

On or about April 9, 2024, in Los Angeles County, within the Central District of California, defendants JESUS ALBERTO LOAIZA-MARQUEZ and JASON ALTON MCDONALD, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 6.58 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS LOAIZA-MARQUEZ AND MCDONALD]

On or about April 9, 2024, in Los Angeles County, within the Central District of California, defendants JESUS ALBERTO LOAIZA-MARQUEZ and JASON ALTON MCDONALD, each aiding and abetting the other, knowingly and intentionally distributed at least 400 grams, that is, approximately 975.9 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II); 18 U.S.C. § 2(a)]

[DEFENDANTS LOAIZA-MARQUEZ AND MCDONALD]

On or about April 9, 2024, in Los Angeles County, within the Central District of California, defendants JESUS ALBERTO LOAIZA-MARQUEZ and JASON ALTON MCDONALD, each aiding and abetting the other, knowingly and intentionally distributed at least 500 grams, that is, approximately 1.963 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT LOAIZA-MARQUEZ]

On or about May 2, 2024, in Los Angeles County, within the Central District of California, defendant JESUS ALBERTO LOAIZA-MARQUEZ knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 17.91 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 18 U.S.C. § 2(a)]

[DEFENDANTS MCDONALD AND PEARSON]

On or about May 16, 2024, in Los Angeles County, within the Central District of California, defendants JASON ALTON MCDONALD and DARIUS EZEKIEL PEARSON, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 9.33 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS MCDONALD AND PEARSON]

On or about May 16, 2024, in Los Angeles County, within the Central District of California, defendants JASON ALTON MCDONALD and DARIUS EZEKIEL PEARSON, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 5.3 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of any of the offenses set forth in any of Counts One through Six of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond

//

//

//

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

SARAH E. SPIELBERGER
DANBEE C. KIM
Assistant United States Attorneys
General Crimes Section

8